**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CORINE E. WORTHY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:23-CV-519 (CAR)** |
| | : | |
| **TROY MEINK, SECRETARY OF THE** | : | |
| **UNITED STATES AIR FORCE,**[1] | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON *PRO SE* PARTY OBLIGATIONS AND**
**ARTIFICIAL INTELLIGENCE DISCLOSURE REQUIREMENTS**

**Plaintiff's Obligations Under Federal Rule of Civil Procedure 11**

As an unrepresented party, Plaintiff is subject to the Federal Rules of Civil Procedure, and her filings and representations to this Court must be consistent with Rule 11. The Court specifically informs Plaintiff of her obligations under Rule 11(b) which states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Troy Meink, Secretary of the United States Air Force, is substituted for Frank Kendall, former Secretary of the United States Air Force.

(2) **the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law**;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Court **WARNS** Plaintiff that she may incur a substantial penalty if she fails to comply with Federal Rule of Civil Procedure 11 and submits filings without first conducting "an inquiry reasonable under the circumstances" to ensure they have merit. Plaintiff must not bring frivolous or meritless claims or arguments. Failure to abide by Rule 11 may result in this Court ordering Plaintiff to pay Defendant's attorney's fees, ordering Plaintiff to pay a penalty to the Court, or dismissing this lawsuit.

**<u>Plaintiff's Use of Artificial Intelligence</u>**

The Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated

content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11.

To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that she has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

**SO ORDERED,** this 30th day of March, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT